FILED
United States Court of Appeals
Tenth Circuit

July 3, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DOVEREYNE VELASQUEZ-LOPEZ,

Defendant-Appellant.

No. 13-5033
(D.C. No. 4:12-CR-00030-JHP-2)
(N.D. Okla.)

**ORDER AND JUDGMENT***

Before **BRISCOE**, Chief Judge, **HARTZ** and **GORSUCH**, Circuit Judges.

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Dovereyne Velasquez-Lopez's plea agreement.

The defendant pleaded guilty to one count of conspiracy to engage in sex trafficking

by force, fraud, or coercion, in violation of 18 U.S.C. § 1594(c).  *See* Attach. to Mot.

to Enforce, Plea Agmt. at 1.  The district court sentenced him to 87 months'

---

* This panel has determined that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment.  The defendant's sentence was at the top of the applicable advisory guidelines range calculated after the court granted the government's motion for a four-level downward departure.  *See id.*, Sentencing Tr. at 20, 26.

Pursuant to his plea agreement, "the defendant knowingly and voluntarily . . . waive[d] the right to directly appeal [his] conviction and sentence," but "reserve[d] the right to appeal from a sentence which exceeds the statutory maximum."  *Id.*, Plea Agmt. at 3.  "The defendant expressly acknowledge[d] that counsel has explained his appellate . . . rights; that [he] understands his rights; and that [he] knowingly and voluntarily waive[d] those rights . . . ."  *Id.* at 4.

The government filed a motion to enforce the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  In evaluating a motion to enforce a waiver, we consider:  "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."  *Id.* at 1325.

In his response to the government's motion, the defendant does not argue that the *Hahn* factors are not satisfied in this case.  Instead, he contends that "circuit courts should not enforce sentencing appeal waivers, particularly those as open-ended with respect to a possible sentence as is [the defendant's] waiver."  Resp. to Mot. to Enforce at 3.  The defendant acknowledges that this court held in *Hahn* that sentencing appeal waivers are enforceable if they satisfy the requirements set forth in

that decision.  *See* 359 F.3d at 1324-28.  He indicates that he raises this argument only to preserve the issue for possible review by the Supreme Court.  *See United States v. Prince*, 647 F.3d 1257, 1271-72 (10th Cir. 2011) (affirming sentence where existing precedent addressed issue, which was raised by defendant only to preserve it for Supreme Court review).

More specifically, the defendant contends that he could not knowingly and voluntarily waive appeal of sentencing errors that have not yet occurred.  We rejected that contention in *Hahn*.  *See* 359 F.3d at 1326-27 ("[W]e reject the notion that, as a matter of law, all presentencing waivers of appellate rights are unknowing and involuntary." *Id.* at 1327).  He also argues that "sentencing appeal waivers unduly burden the right to appeal in violation of due process."  Resp. to Mot. to Enforce at 4.  We did not expressly address in *Hahn* whether a defendant's waiver of his appellate rights in a plea agreement is an undue burden on his right to appeal.  But in concluding that appellate waivers are enforceable if the appeal falls within the scope of the waiver; if the waiver was knowing and voluntary; and if enforcement of the waiver would not result in a miscarriage of justice, *Hahn*, 359 F.3d at 1325, we implicitly concluded that enforcement of an appellate waiver is not, as a matter of law, a violation of due process.  The defendant's final contention is that appellate waivers "violate public policy because Congress established the right to appeal sentences to encourage the Sentencing Reform Act's goals of uniformity and fairness."  Resp. to Mot. to Enforce at 4.  In *Hahn*, we stated that "we generally

- 3 -

enforce plea agreements and their concomitant waivers of appellate rights . . . in large part[] because public policy strongly supports such waivers as they benefit defendants, the government, and society at large." 359 F.3d at 1318. Indeed, in deciding what factors to consider in determining whether an appellate waiver is enforceable, we apply a contract analysis "tempered by public policy concerns." *Id.*; *see also id.* at 1325.

Moreover, to the extent that this court has not addressed the defendant's precise due-process and public-policy contentions, his arguments on these claims are perfunctory and not sufficiently developed to invoke our appellate review. *See United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) ("The court will not consider . . . issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." (quotation omitted)).

Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

<div style="margin-left:50%">
Entered for the Court<br>
Per Curiam
</div>